Plaintiff-appellant, Charles Cotten Sr., appeals a decision of the Madison County Court of Common Pleas, dismissing appellant's motion for a writ of mandamus. We affirm.
Appellant filed a "Motion for an Indefinite Restraining Order" on May 8, 1995. Appellant claimed that defendants-appellees, Director Reginald A. Wilkinson, Chief Roger T. Overberg, and Warden Melody L. Turner, deprived appellant of wages and other financial considerations earned while he was in prison. Appellant also claimed that he should receive damages from appellees because he was denied a $5 Christmas present by the prison. Appellant argued that this constituted "cheating, stealing, defraud, arm robbery with a weapon, to wit; a pencil, pen or computer."
Appellant further contended he was entitled to receive "back, present and future state pay." Appellant argued that his motion should be granted in order to prohibit appellees from moving appellant to another prison until his outstanding complaints were resolved, and to restrain appellees from "going through, shaking down, and/or searching through" his legal documents.
Appellees filed a motion to dismiss appellant's motion for restraining order on May 31, 1995, arguing that under Civ.R. 12(B)-(6), appellant had failed to state a claim upon which relief could be granted. Appellees contended that appellant did not properly institute the lawsuit, did not allege the elements necessary for the court to issue a restraining order, and that the claim must first be brought in the Court of Claims to determine state employee immunity.
The trial court granted the motion to dismiss on June 9, 1995. The court held that appellant had failed to file a complaint required by law, and had failed to meet the procedural requirements necessary for the court to issue a restraining order. The court also held that the action should have first been filed in the Court of Claims.
On June 16, 1995, seven days after the motion to dismiss was granted, appellant filed a response to the motion to dismiss and a "motion for a writ of mandamus." Appellant wanted a writ of mandamus ordering appellees to pay money damages as outlined in his complaint of May 8, 1995. Receiving no ruling on his motion for mandamus, appellant filed a motion on June 26, 1996 asking the court for a ruling and journal entry on his motion for mandamus. The trial court dismissed the motion for mandamus on July 5, 1996, holding that appellant was seeking the same relief that he sought in the original complaint, and that appellant had an adequate remedy at law in the Court of Claims. Appellant now appeals the dismissal of his motion for mandamus, in essence asserting as an assignment of error that the trial court erred by dismissing his mandamus action.
We will assume arguendo that appellant properly filed a petition for writ of mandamus. A writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05. Appellant had a plain and adequate remedy in the ordinary course of the law because he could have filed a complaint in the Court of Claims [R.C. 2743.02(F)] or appealed the trial court's June 9, 1995 ruling dismissing his May 8, 1995 complaint.
Accordingly, we find that the trial court properly dismissed appellant's motion for a writ of mandamus. The assignment of error is overruled and the judgment of the trial court is affirmed.
KOEHLER and WALSH, JJ., concur.